IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JAMIE T. BROWN,

    Plaintiff,

v.                                                                        No. 1:25-cv-01183-JDB-jay

BEHAVIORAL HEALTH GROUP, *Paris Treatment Center*;
LISA SMITH, *Paris Treatment Center;*
CHELSEA JOYCE, *Doctor;*
THE VISTRIA GROUP;
FRONTENAC;
FNU MARSHALL, *Doctor*;
TEDDY REEVES; and
KATHY LNU,

    Defendants.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

---

On July 29, 2025, Plaintiff Jamie T. Brown filed a lawsuit against the above-named parties. (Docket Entry ["D.E."] 1.) Plaintiff moves for leave to proceed in forma pauperis. (D.E. 3.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). To ensure access to the courts,

---

[1] 28 U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective December

1

however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis status must respond fully to the questions on the court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, Plaintiff has submitted a properly completed and executed in forma pauperis affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed in forma pauperis is GRANTED.

Plaintiff shall promptly notify the Clerk in writing of any change of address. Failure to comply with this requirement, or any other order of the Court, may result in the dismissal of this case without further notice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the Court will conduct a screening of the Complaint to determine whether summons should be issued by the Clerk. No further action is required of the Plaintiff until the Court has completed its screening of the Complaint. In the event the Court directs the Clerk to issue summons, process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

IT IS SO ORDERED, this, the 29th day of July, 2025.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

---

1, 2023, an additional administrative fee of $55 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the Court is granting leave to proceed *in forma pauperis* in this case pursuant to § 1915, Plaintiff is not liable for the additional $55 fee.